**William R. PRICKETT, Plaintiff–Respondent,**

v.

**LUCY LEE HOSPITAL, INC., Defendant–Appellant.**

No. 22516.

Missouri Court of Appeals, Southern District, Division One.

March 16, 1999.

Toni H. Blackwood, Jeffrey D. Hanslick, Blackwell, Sanders, Peper, Martin, L.L.P, Kansas City, MO, for Appellant.

Dennis P. Wilson, Parsons & Wilson, P.C., Dexter, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Plaintiff filed a petition to rescind an employment contract and for damages, asserting that material false representations were made by Defendant. Defendant filed a motion that sought to stay the civil action and compel the submission of Respondent's claims to arbitration. Defendant appeals an Order denying its motion to stay proceedings and compel arbitration. This Order is an appealable order under Section 435.440.1(1), RSMo 1994.[1]

Defendant claims the trial court erred in denying its motion because "Defendant and Plaintiff are parties to a valid, enforceable agreement to arbitrate." Plaintiff had signed an Employee Acknowledgment Form that acknowledged receipt of the "Tenet" Employee Handbook. Two paragraphs with-

---

1. 435.440 Appeals.
   1. An appeal may be taken from:
   (1) An order denying an application to compel arbitration made under section 435.355;

. . .

2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

in that one-page form address an agreement to arbitrate. In part, the form reads:

> I acknowledge that I have received a copy of the Tenet Fair Treatment Process brochure. I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet.

Defendant is not named in the Acknowledgment Form. In its brief, Defendant states that it is a wholly-owned subsidiary of the Tenet Healthcare System. Whether it is a wholly-owned subsidiary does not change the result here. Plaintiff argues, and we agree, that there is no agreement to arbitrate between himself and Defendant, thus Plaintiff cannot be compelled to arbitrate the dispute between them.

An agreement to arbitrate a dispute is a contract. *Thatcher Implement & Mercantile Co. v. Brubaker*, 187 S.W. 117, 120, 193 Mo.App. 627 (1916). Only the parties to a contract are bound by its terms. *Wallace, Saunders, Austin, Brown v. Rahm*, 963 S.W.2d 419, 422 (Mo.App.1998). Conversely, one not a party to a contract cannot enforce the contractual terms upon one of the parties to the contract. *See Kahn v. Prahl*, 414 S.W.2d 269, 277–78 (Mo.1967). The evidence in this case does not establish that Defendant and Plaintiff were parties to a contract requiring arbitration.

The trial court's order denying Defendant's motion is affirmed.

CROW and PARRISH, JJ., concur.